STEWART *v.* STATE OF INDIANA.

[No. 22,899. Filed February 2, 1916.]

1. HOMICIDE.—*Issues.—Character and Reputation of Accused.*— The character and reputation of a defendant on trial for murder, for peace and quietude, can not be attacked by the State unless the defendant has himself put such reputation in issue by offering evidence of his good character in that respect. p. 368.

2. HOMICIDE.—*Evidence.—Character and Reputation of Accused.— Review.*—Where, on the trial of accused for murder, the court permitted the State in making out its case in chief to introduce evidence over the objection of the accused to show that his reputation for peace and quietude was bad, the error was not cured by the fact that accused as a part of his defense introduced a witness who testified that such reputation was good. p. 368.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Prosecution by the State of Indiana against John Stewart. From a judgment of conviction, the defendant appeals. *Reversed.*

*George Henley* and *John F. Regester,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Joseph K. Barclay, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

LAIRY, J.—Appellant was indicted for the crime of murder in the first degree for the killing of one John Ridley, on which charge appellant was tried and found guilty of murder in the second degree. A motion for a new trial was duly filed by appellant and the overruling of this motion by the court is the error assigned on appeal. Appellant in such motion alleged error on the part of the trial court in permitting certain witnesses called by the State in making out its case in chief, to testify as to the general reputation of the accused for peace and quietude in the community, and for permitting such witnesses to state that such reputation was bad, over the objection of the accused that he had not put his character in issue in that regard. It is a well recognized legal principle that the character and reputation of a defendant on trial for murder, for peace and quietude is not in issue and can not be attacked by the State in the first instance. Such reputation is in issue only when the defendant himself puts it in by offering evidence of his good character in that respect. The evidence complained of was clearly inadmissible. *State* v. *Merrill* (1829), 13 N. C. 269; *Robinson* v. *State* (1882), 84 Ind. 452; *Drew* v. *State* (1890), 124 Ind. 9, 23 N. E. 1098; 1 Michie, Homicide 677. Counsel for the State conceded the incompetency of this evidence but insist that no reversible error was committed by the trial court in admitting it for the reason that appellant as a part of his defense introduced a witness who testified that such reputation was good. It is the State's position that by introducing this witness appellant placed in issue the trait of his character in question and thereby made the introduction of the evidence objected to merely irregular. While it is true that the introduction of evidence in an irregular or inverse

order may not constitute such harmful error as to necessitate the reversal of the judgment in cases where the matter is confined within the issues raised by the pleadings, the abstract principle is not applicable to the case at bar. Here the State placed in the case an issue which should have been under the exclusive control of the accused. The error in allowing the issues to be improperly enlarged in this particular was necessarily prejudicial to appellant's defense, and it could not be cured by the subsequent action of the accused in introducing evidence on an issue that was illegally forced upon him. The evidence introduced by the State under the issue thus erroneously allowed to be so raised was of such a nature as to defeat the constitutional right of the accused to a fair trial, and the harm once done could not be obviated by his introduction of evidence as to his good character in this regard merely in self-defense. If the evidence in the case was of such a character that it appeared that appellant was not injured by the error pointed out, as suggested by the attorney-general, then it might be proper to affirm the judgment notwithstanding such error, but it does not so appear.

In view of the conclusion reached other questions raised need not be discussed. Judgment reversed with instructions to sustain appellant's motion for a new trial. Clerk directed to issue usual order for return of prisoner.

NOTE.—Reported in 111 N. E. 307. As to the admissibility of evidence of good character in criminal trials, see 103 Am. St. 891; 20 L. R. A. 612. See, also, under (1, 2) 21 Cyc 906.